UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D1, TAVARAS WARREN,

    Defendant.

Case No. 17-20657 and 18-20269
Hon. Matthew F. Leitman

_____/

## ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE, (2) DENYING DEFENDANT'S REQUEST FOR THE APPOINTMENT OF COUNSEL, AND (3) DENYING DEFENDANT A CERTIFICATE OF APPEALABILITY

On March 27, 2019, Defendant Tavaras Warren appeared before the Court and entered guilty pleas in two separate criminal cases. In case number 17-cr-20657, Warren pleaded guilty to committing a Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and to discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Plea Agreement, E.D. Mich. Case No. 17-cr-20657, ECF No. 91.) The Hobbs Act Robbery was the crime of violence underlying the Section 924(c) offense. (*See id.*) In case number 18-cr-20269, Warren pleaded

1

guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (*See id.*[1])

On June 27, 2019, the Court sentenced Warren in both cases. In case number 17-cr-20657, the Court sentenced Warren to 20 months in prison on the Hobbs Act Robbery conviction and 120 months on the firearm discharge conviction, to be served consecutively to the 20-month sentence for the robbery conviction. (*See* Judgment, E.D. Mich. Case No. 17-cr-20657, ECF No. 98.) In case number 18-cr-20269, the Court sentenced Warren to 60 months in prison, to be served consecutively to the sentence imposed in Case Number 17-cr-20657. (*See* Judgment, E.D. Mich. Case No. 18-cr-20269, ECF No. 25.) Warren did not file a direct appeal of his convictions or sentences in either case.

On December 17, 2019, Warren filed identical motions in both cases to vacate his sentences under 28 U.S.C. § 2255. (*See* ECF No. 102 in E.D. Mich. Case No. 17-cr-20657; ECF No. 32 in E.D. Mich. Case No. 18-cr-20269.) In their entirety, the motions provide as follows:

> Would like to File Amendment 782 in light of my Hobbs Act conviction 18 U.S.C. 8 1951(a) Amendment 599 Davis Vs. United States 2019 supreme court Ruling. United States V. Davis __ US __ 1395. Ct. 2319 204 L. Ed 2d 757 (2019) Holding that 18 U.S.C. 8 924(c)(3)(B) is

---

[1] Warren entered into a single plea agreement that covered both cases. Thus, the plea agreement covering case number 18-cr-20269 can be found on the docket for case number 17-cr-20657.

> unconstitutional – I would like for the court to Appoint a
> Lawyer if there are grounds for relief.

(E.D. Mich. Case No. 17-cr-20657, ECF No. 102, PageID.638; E.D. Mich. Case No. 18-cr-20269, ECF No. 32, PageID.147.)

The Court reviewed the motions and could not clearly discern the basis of Warren's request for relief. Therefore, on January 16, 2020, the Court ordered Warren to clarify his request for relief. The Court said:

> The Court needs more information from Warren in order to properly evaluate his motion. Specifically, the Court needs to understand the basis for Warren's claims. Simply citing amendments to the Sentencing Guidelines, statutes, and case law is not enough. Warren must explain to the Court how these authorities entitle him to relief. The Court fully recognizes that Warren is not a lawyer, and the Court does not expect Warren to file a brief that a trained lawyer would file. However, the Court does expect Warren to provide at least some explanation as to how the cited authorities apply here. Accordingly, IT IS ORDERED that by not later than March 16, 2020, Warren shall file a supplement to his motion in which, to the best of his ability, he shall explain how he is entitled to relief under each of the Guidelines amendments, statutes, and cases that he cites. Once the Court has a better understanding of Warren's position, the Court will determine whether to appoint counsel for Warren or whether to proceed directly to decide the motion.

(E.D. Mich. Case No. 17-cr-20657, ECF No. 106, PageID.645; E.D. Mich. Case No. 18-cr-20269, ECF No. 36, PageID.154.)

Warren thereafter filed three submissions in case number 17-cr-20657 and two submissions in case number 18-cr-20269 in response to the Court's order. (*See*

3

E.D. Mich. Case No. 17-cr-20657 ECF Nos. 107, 108, and 109; E.D. Mich. Case No. 18-cr-20269, ECF Nos. 37 and 38.) In Warren's submissions, he clarified that he is attacking his Section 924(c) conviction in case number 17-cr-20657. (*See id.*) Warren argues that in light of the United States Supreme Court's decision in *United States v. Davis*, __ U.S. __, 139 S.Ct. 2319 (2019), his Hobbs Act Robbery conviction does not qualify as a crime of violence that may support his Section 924(c) conviction for discharging a firearm during and in relation to a crime of violence.[2] As described below, Warren's argument is foreclosed by binding Sixth Circuit precedent that was not disturbed by the Supreme Court's ruling in *Davis*.

At the time of Warren's conviction, Section 924(c) defined a "crime of violence" in two ways:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[2] None of the Warren's submissions following the Court's clarification order refer to the Sentencing Guidelines Amendments that he identified in his original motion. The Court thus deems his arguments based upon those Amendments to be abandoned. But the Court did nonetheless briefly review the Amendments, and the Court's short review revealed no basis to afford Warren relief.

18 U.S.C. § 924(c)(3)(A) & (B). The first definition is known and the "elements clause" while the second definition is known as the "residual clause." *See United States v. Richardson*, 948 F.3d 733, 741-43 (6th Cir. 2020).

In *Davis*, the Supreme Court held that the "residual clause" was void for vagueness, but the Supreme Court left "intact" the "elements clause." *Id.* at 741 (describing holding in *Davis*). Thus, even after *Davis*, an offense qualifies as a "crime of violence" for purposes of Section 924(c) if it satisfies the "elements clause." *See id.* And the Sixth Circuit has squarely held that the crime of Hobbs Act Robbery satisfies the "elements clause." *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017). That holding survived *Davis* because *Davis* concerned only the "residual clause." *See Richardson*, 948 F.3d at 741 (confirming that *Gooch* remains viable after *Davis*).

Since Warren's Hobbs Act Robbery conviction satisfies the "elements clause," it remains a "crime of violence" even after *Davis*, and Warren is not entitled to relief based upon *Davis*. Accordingly, Warren's motion for relief from his sentence is **DENIED**.

In addition, the Court **DECLINES** Warren's request for the appointment of counsel. He is clearly not entitled to relief on the basis that he has raised in his motion. Thus, the appointment of counsel would be futile.

5

Warren may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that a Hobbs Act Robbery is a "crime of violence" and that Warren is therefore not entitled to the relief he seeks. Thus, the Court **DENIES** Warren a certificate of appealability.

**IT IS SO ORDERED**.

Dated: March 4, 2020

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764