UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 18-cr-20269
                                    Hon. Matthew F. Leitman

TAVARAS WARREN,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S
MOTION FOR SENTENCE REDUCTION (ECF No. 46)</u>**

Now before the Court is Defendant Tavaras Warren's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). (*See* Mot., ECF No. 46.) In the motion, Warren asks the Court to reduce his sentence "based on a guideline sentencing range that has subsequently been lowered and made retroactive" by the United States Sentencing Commission. (*Id.*, PageID.207.)

Courts generally review motions for a reduction in sentence under Section 3582(c)(2) using a two-step approach. "At step one, a district court must determine whether the statute renders a defendant *eligible* for a sentence reduction." *United States v. Davis-Malone*, 128 F.4th 829, 832 (6th Cir. 2025) (emphasis in original). To be eligible, the defendant's sentence must have been "'based on a sentencing range' that the [United States Sentencing Commission] has since reduced" and the

1

sentence reduction must be "'consistent with' the Commission's policy statement on this topic[.]" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Warren does not identify any particular guideline amendment or provision that his sentence was based upon and that has since been reduced. He therefore has not made a sufficient showing that he is eligible for a sentence reduction.

However, even if Warren were eligible for a sentence reduction, he has also failed to meet his burden under the second step – that a shorter sentence is warranted. *Davis-Malone*, 128 F.4th at 832. A sentence reduction is appropriate only "after considering" the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2). There is a presumption that the district court's "initial balancing of the 3553(a) factors during [Warren's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning [Warren] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Warren has not attempted to make such a showing. Indeed, he does not address the 3553(a) factors at all. For this additional reason, he is not entitled to a reduction in sentence.

For these reasons, Warren's motion for a sentence reduction (ECF No. 46) is **DENIED**.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman  
                                              MATTHEW F. LEITMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated: March 26, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2025, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan  
                                              Case Manager  
                                              (313) 234-5126