UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                      Case No. 18-cv-20269
v.                                     Hon. Matthew F. Leitman

TAVARAS WARREN,

     Defendant.

_____/

## ORDER (1) DENYING DEFENDANT'S MOTIONS FOR SENTENCE REDUCTION UNDER AMENDMENT 821 AND FOR APPOINTMENT OF COUNSEL (ECF Nos. 52, 54) AND (2) DENYING DEFENDANT'S MOTION REQUESTING RESENTENCING AND APPOINTMENT OF COUNSEL (ECF No. 53)

In March of 2019, Defendant Tavaras Warren pleaded guilty in this Court to committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951, discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Rule 11 Plea Agreement, ECF No. 21.) Warren acknowledged that he and another individual had robbed a drug dealer at gunpoint and that he had shot the victim in the commission of the robbery. (*See id.*, PageID.78-79.)

On June 27, 2019, the Court sentenced Warren to 20 months in prison on the Hobbs Act robbery conviction, 120 months in prison on the firearm discharge

1

conviction, and 60 months in prison on the firearm possession conviction, all to be served consecutively. (*See* Judgment, ECF No. 25; Judgment, E.D. Mich. Case No. 17-20657, ECF No. 98.)

Now before the Court are three motions filed by Warren: two motions for a reduction in his sentence under Amendment 821 to the United States Sentencing Guidelines (ECF Nos. 52, 54) and one motion requesting resentencing under the proposed Smarter Sentencing Act of 2026 (ECF No. 53).  In two of his motions, Warren also requests the appointment of counsel. (*See* Mots., ECF Nos. 53, 54.)  For the reasons explained below, the Court **DENIES** all of Warren's motions.

**I**

The Court first turns to Warren's motions for a reduction in sentence under 18 U.S.C. § 3582(c)(2). (*See* Mots., ECF Nos. 52, 54.)  In these motions, which are brief and substantially similar, Warren asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines (the "Amendment"). There are two parts to the Amendment – Parts A and B – and a reduction is not appropriate under either Part.

In Part A of the Amendment, the United States Sentencing Commission "decrease[d] 'status points' by one point for defendants with seven or more criminal history points and eliminate[d] 'status points' for defendants with six or fewer

criminal history points."[1] *United States v. Giles*, No. 05-cr-233, 2024 WL 465932, at *1 (W.D. Mich. Jan. 8, 2024). The Sentencing Commission further declared that Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2). At the time of his sentencing, Warren was assessed fifteen criminal history points and two "status points" – because he was on probation at the time he was charged with the offense – resulting in a total criminal history point score of seventeen and placing him in criminal history category VI. Warren says that under Part A, he would receive only one status point (rather than two), and he says that he should be resentenced based upon that reduction in his status points. (*See* Mot., ECF No. 174, PageID.967.) The Court disagrees.

The Court declines to reduce Warren's sentence under Part A because reducing his criminal history point score by one status point does not change his overall criminal history category. Reducing Warren's criminal history score by one point results in a total criminal history point score of sixteen, which is still in criminal history category VI. Therefore, Part A of Amendment 821 does not change the calculation of Warren's sentencing guidelines range and does not support a resentencing here.

---

[1] "'Status points' are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status." *Giles*, 2024 WL 465932, at *1.

Part B of Amendment 821 offers relief to certain defendants who receive zero criminal history points at sentencing.  Warren was assessed fifteen criminal history points at sentencing.  Thus, he is not eligible for a reduction under Part B.

For these reasons, Warren's motions for a sentence reduction under Amendment 821 are **DENIED**.

## II

The Court next turns to Warren's motion for resentencing (ECF No. 53).  In this motion, Warren says that he believes that he qualifies for a reduction in the sentence he received for the firearm possession conviction under the Smarter Sentencing Act of 2026. (*See id.*, PageID.224.)

The Smarter Sentencing Act of 2026 was introduced in the Senate on March 2, 2026, and was referred to the Committee on the Judiciary.  It has not yet been passed into law. (*See S.3959 – Smarter Sentencing Act of 2026*, Congress.gov, https://www.congress.gov/bill/119th-congress/senate-bill/3959/text   (last   visited July 24, 2026)).  Warren is therefore not entitled to be re-sentenced under the proposed Smarter Sentencing Act of 2026.  His motion for resentencing (ECF No. 53) is **DENIED**.

### III

Finally, in two of his motions, Warren also seeks appointment of counsel to assist him in advocating for a reduction to his sentence. (*See* Mot., ECF No. 53, PageID.225; Mot., ECF No. 54, PageID.230.)  The Court **DENIES** Warren's request for the appointment of counsel.  The Court has reviewed numerous motions by Warren since he began his term of incarceration and believes that he is able to present and support his arguments without the assistance of counsel.  The Court therefore does not believe that the appointment of counsel is necessary or appropriate. Warren's motions for the appointment of counsel (ECF Nos. 53, 54) are **DENIED**.

### IV

For the foregoing reasons, the Court **DENIES** Warren's motions for a sentence reduction under Amendment 821 (ECF Nos. 52, 54) and for appointment of counsel (ECF Nos. 53, 54) and **DENIES** his motion for re-sentencing under the Smarter Sentencing Act (ECF No. 53.)

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126